# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JASON LEE WHITE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**Nos. 36804 & 36978     Michael R. Jones, Judge**

---

**No. M2010-01396-CCA-R3-PC -Filed February 25, 2011**

---

The Petitioner, Jason Lee White, appeals from the order of the trial court dismissing his "Motion to Correct Illegal Sentence." The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Jason White, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Elaine Wilber, Assistant Attorney General; John W. Carney, District Attorney General; and Steven Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record before us reflects that, on September 12, 1996, the Petitioner pleaded guilty to and was convicted of two counts of aggravated robbery and one count of attempted aggravated robbery. For these convictions, the Petitioner received sentences of ten years for one aggravated robbery, nine years for the other aggravated robbery, and four and one-half years for the attempted aggravated robbery conviction. The sentences were ordered to be served consecutively for a total effective sentence of twenty-three and one-half years.

On July 30, 2009, the Petitioner filed a "Motion to Correct Illegal Sentence." The pleading alleges generally that the sentencing court erred in its application of certain enhancement factors and erred by ordering consecutive sentences. The Petitioner requested that the trial court "amend" his sentences by ordering that they be served concurrently. The trial court summarily denied the Petitioner's motion by order filed August 31, 2009. Subsequent to the order denying relief, the Petitioner filed additional pleadings, essentially reasserting the grounds of his first pleading. It is from the order of the trial court denying relief that the Petitioner appeals.

We first note that the Petitioner has previously unsuccessfully sought post conviction relief. See Jason Lee White a/k/a Jason Broadnax v. State, No. M2009-01048-CCA-R3-PC, 2010 WL 457497 (Tenn. Crim. App., Nashville, Feb. 10, 2010).

We also note that the Petitioner's "motion" was filed more than twelve years after the judgment of conviction was entered. The Petitioner is seeking relief from a judgment which has become final in the trial court. If the pleading is treated as a petition for post conviction relief, it is time barred. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year from the date on which the judgment becomes final. See Tenn. Code Ann. § 40-30-102(a). If the petition is not filed within one year, consideration of the petition by the trial court is barred. Id. It is apparent from the record in this case that the petition was not filed within the time allowed by the statute of limitations.

We also note that, if the pleading is treated as a petition for habeas corpus relief, the trial court did not err by summarily dismissing it. It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the conditions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In addition, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 16, 20-21 (Tenn. 2004). We note that the Petitioner did not comply with the statutory procedural requirements for habeas corpus relief. Application was not made in the county in which the Petitioner is restrained, and the Petitioner did not state a sufficient reason in the petition for not filing the petition in the county where the Petitioner is located. See Tenn. Code Ann. § 29-21-105. The petition does not have annexed to it a copy of the judgment or legal process by which the Petitioner is restrained, nor does it give a satisfactory reason for its absence. See Tenn. Code Ann. § 29-21-107(b)(2). The petition does not allege that the legality of the Petitioner's restraint has not already been adjudged upon a prior proceeding of the same character. See Tenn. Code Ann. § 29-21-107(b)(3). The petition states neither that it is the first application for a writ of habeas corpus

or if a previous application has been made, nor does it contain a copy of the prior petition or state a good reason for failing to do so. <u>See</u> Tenn. Code Ann. § 29-21-107(b)(4).

In addition to these procedural shortcomings, the allegations contained in the petition, even if taken as true, do not render the challenged judgment void. Habeas corpus relief is proper only if the petition establishes that the challenged judgment is void, as opposed to merely voidable. <u>Hickman</u>, 153 S.W.3d at 20.

For the reasons stated herein, this Court concludes that the "Motion to Correct Illegal Sentence" was properly dismissed. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE